## IN THE DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TIFFANY L. NOELS** | ) | **District Court Case No.: 8:18-cv-00746-GJH** |
| | ) | |
| **Appellant** | ) | |
| | ) | **Bankruptcy Case No. : 16-25654** |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **NANCY SPENCER GRIGSBY** | | |
| **Chapter 13 Trustee** | ) | **APPELLANT'S BRIEF REGARDING** |
| | ) | **APPEAL FROM BANKRUTPCY COURT** |
| **Appellee** | ) | |
| | ) | |

/s/ Marie Lott Pharaoh
**Marie Lott Pharaoh**
**Bar No: 11080**
**16029 Dorset Road**
**Laurel, Maryland 20707**
**(240) 606-3494 Phone**
**(240) 536-9157 Fax**
mariepharaoh@gmail.com

*Attorney for the Appellant*

# TABLE OF CONTENTS

STATEMENT OF JURISDICTION............................................................................4

STATEMENT OF ISSUES PRESENTED..................................................................4

STANDARD OF REVIEW .......................................................................................5

STATEMENT OF THE CASE AND STATEMENT OF FACTS................................5

STATEMENT OF RELATED CASES ......................................................................8

ARGUMENTS..........................................................................................................8

    The Bankruptcy Court erred in Dismissing the Chapter 13 case without determining the validity of the proof of claim.................................................................................................................8

    A.    The Proof of Claim.............................................................................................8

    1. 11 U.S. Code § 502 governs the allowance of claims and what grounds the objection must contain to disallow the claim:....................................................................................................8

    2. Rule 3001 governs the requisite form and contents of the proof of claim for the claim to have its presumption of validity:......................................................................................9

    3. Challenges to a proof of claim is a contested hearing under Rule 9014:.........................10

    B.    The Bankrutpcy Court Must Hold a Hearing to Apply the Fourth's Circuit Standard of Review to Determine Validity of a Proof of Claim Once Challenged ..................................................11

    Conclusion.............................................................................................................13

# TABLE OF AUTHORITIES

## Cases

In *re Alverez*, 733 F. 3d 136, 140 (4th Circuit 2013) ...............................................5
*Branigan v. Davis,* 716 F.3d 331, 334 (4th Circuit 2013)..............................................3
*Klein v. PepsiCo, Inc.,* 845 F.2d 76, 79 (4th Cir.1988)............................................. 4
*Julian v. Buonassissi,* 414 Md. 641, 666, 997 A.2d 104 (2010).......................................5
*Noels v. Ocwen Loan Servicing, LLC et al.* Case No. 8:17-cv-0321-GJH...........................6
*Yacko v. Noels*, Case No.: 8:17-cv-03604-GJH.......................................................8
*Yacko v. Noels,*  Code No.: CAEF 16-04126.........................................................8

## Statutes

11 U.S.C. §1322.............................................................................;..........5
11 U.S.C. § 502(b)...................................................................................7
28 U.S. C. §157(b)(1) .................................................................................3

28 U.S.C. § 158(a)(1)...................................................................................................................................3
28 U.S.C. §§ 157 (a), 157(b)(1) ..................................................................................................................3

## Rules

Fed. R. Bankr. P. 3001…………………..…………………………………………..…….9, 11-13
Fed. R. Bankr. P. 8013 .................................................................................................................................3

## STATEMENT OF JURISDICTION

This appeal arises from an order of the United States Bankruptcy Court for the District of Maryland at Greenbelt dismissing Debtor's Chapter 13 case because her Chapter 13 Plan was denied without leave to amend. The Bankruptcy Court had jurisdiction to enter the final order pursuant to 28 U.S.C. §§ 157 (a), 157(b)(1) and 1334.

Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 158(a)(1). On appeal, this Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

## STATEMENT OF ISSUES PRESENTED

1. Whether the United States Bankruptcy Court erred in dismissing Debtor's Chapter 13 case because confirmation of her Amended Chapter 13 Plan was denied without leave to amend, when the Court was made aware that the proof of claim filed by the creditor on July 27, 2017 wholly prevented Debtor's Counsel from fashioning a viable plan due to the many errors contained therein. [Claim #2, filed by Creditor Deutsche Bank National Trust Company, etc. (as set forth in the Objection to the Proof of Claim, *(Dkt #89)*, and Motion for Reconsideration of the Denial of Confirmation of Chapter 13 Plan Without Leave to Amend (*Dk t#106*)] wholly prevented the Debtor from drafting a viable Chapter 13?

2. Whether the United States Bankruptcy Court erred in failing to rule on the Objection to the Proof of Claim, *Dkt #89*, filed by the Debtor, and responded to by Creditor Deutsche Bank National Trust Company, etc., even after setting a hearing; yet summarily dismissing the Chapter 13 case five days prior to the hearing date?

4

## STANDARD OF REVIEW

"[This Court] will not reverse the bankruptcy court's factual findings absent clear error and review that court's legal conclusions de novo." *In re Alvarez*, 733 F. 3d 136, 140 (4th Circuit 2013) (citing to *Branigan v. Davis,* 716 F.3d 331, 334 (4th Circuit 2013).

The Bankruptcy Court erred when it did not afford the parties a hearing on the objection to the proof of claim   To reverse the Bankruptcy Court's finding under the clearly erroneous standard of review, the reviewing court must be left with "a firm and definite conviction that a mistake has been committed." *Klein v. PepsiCo, Inc.,* 845 F.2d 76, 79 (4th Cir.1988).

The Bankruptcy Court's dismissal of the Debtor's case on January 19, 2018 is also reviewable *de novo*. The Bankruptcy Court was aware that the fraudulent proof of claim prevented the Debtor from forming a viable Chapter 13 plan due to her inability to accurately determine the amount of the pre-petition and post-petition arrears. This Court's dismissal and failure to recognize the impact of the proof of claim on the Debtor's ability to create a confirmable plan under 11 U.S.C. §1322 is reversible error and its actions are subject to *de novo* review by this reviewing Court.  The Court egregiously erred in not following the precepts of the Fourth Circuit in determining the validity of a proof of claim, once a party of interest has challenged its validity.

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

Ms. Tiffany L. Noels, the Appellant, in this case has been a homeowner in Prince George's County for over 20 years.  She filed her Chapter 7 Petition on November 29, 2016, having been current on all of her mortgage payments heretofore, until Ocwen Loan Servicing, LLC ("Ocwen") took over servicing of her mortgage loan and offered to her a loan modification.  This

modification ostensibly would meet her need to qualify for a home improvement loan to take advantage of Maryland State Housing Rehabilitation Program to make structural repairs on her home. She needed to remove existing lead and mold, replace the fuse breaker, which had already resulted in several housing and health code violations. What she got instead was a "predatory mortgage loan," which, moreover, contained errors in the calculating of the mortgage principal balance. Confused as to why the principal balance had increased in the loan modification agreement she sought explanation from Ocwen. Over the course of several years, Ocwen was either resistant or unable to explain the discrepancy in the increase of her principal balance that it claimed came from Saxon, her previous loan servicer.

Once Ocwen acknowledged that it had made a mistake in its calculations, the Appellant, as the Loan Modification Agreement instructed, awaited a corrected Agreement, as the current one was void.[1] She rightfully under Maryland contract law, refused to pay under a void contract.[2] Ocwen proceeded into the Circuit Court of Maryland for Prince George's County and the foreclosure sale date was set for November 29, 2016.

The Bankruptcy Court lifted the automatic stay on August 24, 2017. *Dkt #81*. The Appellant, after retaining counsel, filed a Motion for Reconsideration on September 19, 2017, Dkt# 86,which this Honorable Court denied on October 19, 2017. *Dkt #90*. Debtor's Counsel in

---

[1] Section 4, Paragraph L of the Agreement: **Corrections and Omissions**.

> You agree to execute such other and further documents as may be reasonable necessary to consummate the transactions contemplated herein or to perfect the liens and security interests intended to secure the payment of the loan evidenced by the Note. If an error in the terms hereof is detected after execution of this Agreement, you understand that a corrected Agreement will be provided to you and this Agreement will be void upon notice of such error. Should you elect not to sign any such corrected Agreement, your loan will revert to the terms of your original Loan Documents.

[2] "'A void contract is `not a contract at all' ... and all parties, present and future,would be equally allowed to avoid the contract." *Julian v. Buonassissi,* 414 Md. 641, 666, 997 A.2d 104 (2010) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 7 cmt.a (1981)).

the hopes of drafting a confirmable Chapter 13 plan, notwithstanding the void Modification

Agreement, to forestall a possible foreclosure and for Ocwen to offer the Appellant a corrected

HAMP Loan Modification Agreement, discovered that the proof of claim contained so many

errors that Counsel was unable to create a Chapter 13 plan.

Appellant through Counsel filed an Objection to the Proof of Claim on October 17, 2017.

Based on the Court's Instructions filed on November 20, 2017, *Dkt #94*, Counsel failed to serve

the party set forth in the proof of claim. *Dkt #89*.  Counsel served Ocwen's resident agent in

Baltimore, MD on December 1, 2017, *Dkt #95*,  and filed a Motion to Shorten Time on that same

day, attaching an email from Ocwen's counsel Shapiro & Brown that its client would not be

filing a response to the Objection. *Dkt #96*. The Court summarily denied that Motion. *Dkt #102*.

Counsel's goal was to have the issue of the faulty proof of claim before the Court on the

December 5, 2017 confirmation date. At the confirmation hearing held on December 5, 2017.

Counsel brought to the Court's attention that the proof of claim was so defective that it was

impossible for Counsel to aid the Debtor to modify her original Chapter 13 Plan.

The Bankruptcy Court was correct to say that the issue of the validity of the proof of

claim was not before it. This Honorable Court denied confirmation of Debtor's Chapter 13 plan

without leave to amend. *Dkt #100*.  Debtor filed a Motion for Reconsideration on December 19,

2017, *Dkt #106*, which this Court denied on January 8, 2018. Dkt#108. Ocwen filed a Response

to Debtor's Objection on January 2, 2018. *Dkt #107*. Debtor filed a surreply on January 3, 2018.

*Dkt #108*.

The Bankruptcy Court set the matter in for a status conference hearing that was scheduled

for January 24, 2018.  *Docket entry dated 01/17/2018*. This Honorable Court then summarily

dismissed the Debtor's Chapter 13 case for failure to have her Chapter 13 plan confirmed on

February 6, 2018. *Dkt #113*.  Debtor filed a Motion to Reconsider the Dismissal, *Dkt #117*, which was denied on  February 26, 2018. *Dkt #118*.  Debtor filed her Notice of Appeal on March 13, 2018, and issued her Statement of Issues and Designation of Record on March 26, 2018.

## STATEMENT OF RELATED CASES

The issues before this Court in *Noels v. Ocwen Loan Servicing, LLC et al.* Case No. 8:17-cv-0321-GJH are related to this Appeal.  At issue is the validity of the August 2012 Loan Modification Agreement; yet, the Defendants in that case proceeded to initiate foreclosure proceedings in the Circuit Court of Maryland for Prince George's County and foreclosed on her property on November 1, 2017.  That void Agreement was also used as a basis for the proof of claim filed on July 27, 2017 in the United States Bankruptcy Court for the District of Maryland, Greenbelt Division.  The Appellant also filed a Notice of Removal on November 1, 2017, and amended the same on December 5. 2017 in *Yacko v. Noels*, Case No.: 8:17-cv-03604-GJH.

The Appellant recently filed a Motion to Vacate Order Ratifying Sale in the Circuit Court of Maryland for Prince George's County on April 13, 2018 in *Yacko v. Noels*,  Code No.: CAEF 16-04126, which that Court entered on March 27, 2018.  The Appellant's Motion to Vacate was granted on May 10, 2018.

## ARGUMENT

**THE BANKRUPTCY COURT ERRED IN DISMISSING THE CHAPTER 13 CASE WITHOUT DETERMINING THE VALIDITY OF THE PROOF OF CLAIM.**

### A.  The Proof of Claim

1. 11 U.S. Code § 502 governs the allowance of claims and what grounds the objection

   must contain to disallow the claim:

   > **(a)** A claim or interest, proof of which is filed under
   > section 501 of this title, is deemed allowed, unless a

party in interest, including a creditor of a general
partner in a partnership that is a debtor in a case
under chapter 7 of this title, objects.

**(b)** Except as provided in subsections (e)(2), (f), (g),
(h) and (i) of this section, if such objection to a
claim is made, the court, after notice and a hearing,
shall determine the amount of such claim in lawful
currency of the United States as of the date of the
filing of the petition, and shall allow such claim in
such amount, except to the extent that—

  **(1)** such claim is unenforceable against the debtor and
    property of the debtor, under any agreement or
    applicable law for a reason other than because such
    claim is contingent or unmatured ….

  2.   Rule 3001 governs the requisite form and contents of the proof of claim for the claim to

have its presumption of validity:

(a) Form and Content. A proof of claim is a written
statement setting forth a creditor's claim. A proof of
claim shall conform substantially to the appropriate
Official Form.

(b) Who May Execute. A proof of claim shall be
executed by the creditor or the creditor's authorized
agent except as provided in Rules 3004 and 3005.

(c) Supporting Information.

(1) *Claim Based on a Writing.* Except for a claim
governed by paragraph (3) of this subdivision,
when a claim, or an interest in property of the
debtor securing the claim, is based on a writing, a
copy of the writing shall be filed with the proof of
claim. If the writing has been lost or destroyed, a
statement of the circumstances of the loss or
destruction shall be filed with the claim.

(2) *Additional Requirements in an Individual
Debtor Case; Sanctions for Failure to Comply.* In a
case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim
includes interest, fees, expenses, or other charges

incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

(B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

(i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

…

(f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

3. Challenges to a proof of claim is a contested hearing under Rule 9014:

 The filing of an objection to claim begins a "contested matter," governed by Federal Rules of Bankruptcy Procedure 3007 and 9014. *See, e.g.,*

> *Gentry v. Siegel,* 668 F.3d 83, 92 (4th Cir. 2012)
> (observing that a contested matter arises once "an
> objection to [a] claim has been interposed"). *See
> generally* Fed. R. Bankr. P. 3007(a) (establishing
> the procedure for filing objections to claims); *id.*
> 9014 (establishing the procedure for the
> adjudication of :"contested matters").

*LVNV Funding, LLC v. Harling*, 852 F. 3d 367, 373-374 (4th Circuit 2017).

Only an interested party can challenge the validity of the proof of claim. *See* §502(b).

Once the proof of claim is challenged, the Court must examine the objection.  If the objection

successfully challenges the enforceability of the claim, then the Court pursuant to §502 (b)(1)-(8)

must disallow the claim.  If the challenge amounts to failure of the proof of claim to comport

with the requirements in Rule 3001, then §502(b) provides the Court with the addition authority

to adjust the claim or under Rule 3001 to provide any other relief the case dictates. *Rule

3001(c)(2)(D)(i) and (ii)*.

*In re Falwell,* 434 BR 779, 784 (Bankr. Court, W.Va.2009) is also instructive:

> The grounds for the disallowance of a proof of claim are
> specifically listed in 11 U.S.C. § 502-not in the Bankruptcy Rules.
> Therefore, it is not enough for the Chapter 13 debtor to merely
> complain that the proof of claim filed by a creditor lacks sufficient
> documentation under the Bankruptcy Rules, the debtor must also
> assert a grounds for disallowance under § 502, as for example, by
> contesting the amount claimed to be owed. *In re Simms,* 2007 WL
> 4468682, *2 (Bankr.N.D.W.Va.2007).  *Also see In re Heath,* 331
> B.R. 424, 435 (9th Cir. BAP 2005) ("Noncompliance with Rule
> 3001(c) is not one of the statutory grounds for disallowance.").

### B. The Bankruptcy Court Must Hold a Hearing to Apply the Fourth Circuit's Standard of Review to Determine the Presumptive Validity of a Proof of Claim Once Challenged

The Fourth Circuit has constructed a burden-shifting framework for determining the

validity of proofs of claim. *See generally In re Harford Sands Inc.,* 372 F.3d 637 (4th Cir.

11

2004). When a claimant properly files a proof of claim with all of the required supporting documentation, it is prima facie evidence of the claim's validity and the amount the debtor owes. *In re Falwell,* 434 B.R. 779, 783 (Bankr. W.D. Va. 2009); Fed. R. Bankr. P. 3001(c), (f). If a claimant files a prima facie valid proof of claim, "[t]he burden ... shifts to the debtor to object to the claim" and to "introduce evidence to rebut the claim's presumptive validity." *Harford Sands,* 372 F.3d at 640 (internal citations omitted). Any evidence the debtor offers in rebuttal must negate at least one fact necessary to the claim's legal sufficiency, "must be sufficient to demonstrate the existence of *a true dispute* and must have probative force equal to the contents of the claim." *Falwell,* 434 B.R. at 784 (emphasis in original).

  The creditor's filing of a proof of claim that comports with Rule 3001 requirements constitutes prima facie evidence of the amount and validity of the claim. The burden then shifts to the debtor to object to the claim. The debtor must introduce evidence to rebut the claim's presumptive validity. If the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence.

  In the case *sub judice*, the only means by which the Bankruptcy Court can determine whether the Debtor met her burden was to hold an evidentiary hearing.  The Bankruptcy Court has no discretion in this rubric and the dismissal of the case in no way relieves the Court of making the necessary assessment of the validity of the proof of claim once challenged.  Based on the Fourth Circuit Mandate, in dismissing the Chapter 13 Case, without holding a hearing on the presumptive validity of the proof of claim, the Bankruptcy Court erred.

  Furthermore, the Bankruptcy Court knew that the Debtor's allegation regarding the validity of the Loan Modification Agreement was at the center of the presumptive validity of

the creditor's proof of claim. The Court, in accordance with the legal standards set forth by the Fourth Circuit, should have held a hearing on the issues regarding the proof of claim; yet, it failed to do so and summarily dismissed the case.  The Debtor in its Objections set forth two separate arguments that would have given the Court options to disallow the claim or to amend the proof claim or order the creditor to do so. The effect of the Court acting in its capacity as the arbiter of this dispute would have prevented a cascade of events, but it failed to fully bring to bear its equitable powers under 11 U.S.C. §105.  One of them would have been to afford the Debtor an opportunity to fashion a Chapter 13 plan, reinstate the automatic stay, and prevent the foreclosure sale of her home.

## CONCLUSION

The issue presented in this appeal is not complicated.  Simply, the Appellant filed an Objection to the creditor's proof of claim, with the creditor receiving notice and filing a response. The Debtor raised the issue that the proof of claim was not enforceable against her, as the Loan Modification Agreement was void.  The Appellant also set forth issues regarding the many errors in the proof of claim and its utter failure to comply with the provisions in Rule 3001 that undermined the presumptive validity of the proof of claim.  The Bankruptcy Court was required to hold a hearing on these matters to ascertain whether the Agreement was indeed void and the proof of claim contravention of Rule 3001.  The Court did not adhere to the mandate of the Fourth Circuit to hold a hearing on the validity of the proof of claim.

Therefore, the Courts dismissal of the case and failure to hold the requisite hearing should be reviewed *de novo* and dismissal of the case reversed.

Respectfully submitted,

13

May 22, 2018                                        /s/ Marie Lott Pharaoh
                                                   Marie Lott Pharaoh
                                                   Bar No: 11080
                                                   16029 Dorset Road
                                                   Laurel, Maryland 20707
                                                   (240) 606-3494 Phone
                                                   (240) 536-9157 Fax
                                                   mariepharaoh@lawfirmmail.com


**<u>Certificate of Service</u>**

I hereby certify that a copy of the Appellant's Brief will be served electronically via CM/ECF on May 22, 2018 to:

Nancy Spencer Grigsby
Chapter 13 Trustee

                                                   _/s/ Marie Lott Pharaoh_
                                                   Marie Lott Pharaoh

APPELLANT'S APPENDIX

Entered: January 19th, 2018
Signed: January 18th, 2018

**SO ORDERED**



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
## at Greenbelt

In re:     Case No.: **16−25654 − WIL**     Chapter: **13**

**Tiffany LaGenia Noels**
Debtor

## ORDER WITH NOTICE DISMISSING CHAPTER 13 CASE
## AFTER FAILURE TO CONFIRM PLAN
## AND NOTICE THAT AUTOMATIC STAY IS TERMINATED

By Order of Court entered on December 5, 2017, confirmation of Debtor's proposed Chapter 13 Plan was denied without leave to amend. The Debtor has not properly prosecuted this action by electing to convert this Chapter 13 case to a case under another chapter or to dismiss within the time allowed by aforesaid Order.

It is, therefore, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the above−captioned Chapter 13 case is DISMISSED; and it is further

ORDERED, that, to the extent the Trustee holds funds that would otherwise be returned to the Debtor, the Trustee shall first remit therefrom to the Clerk unpaid filing and administrative fees of $ 0.00 and then remit therefrom any unpaid claim allowed under 11 U.S.C. § 503(b); and

ALL PARTIES ARE HEREBY NOTIFIED, that the automatic stay imposed by 11 U.S.C. § 362(a) is terminated.

cc:   Debtor
      Attorney for Debtor − Marie Lott Pharaoh
      Case Trustee − Nancy Spencer Grigsby

## End of Order

15x11 (rev. 12/13/2012) − mrybczynski

# United States Bankruptcy Court
## District of Maryland
### at Greenbelt

| | | |
|---|---|---|
| **In re:** | * | **Case No: 16-25654** |
| | * | |
| | * | **Chapter 13** |
| **TIFFANY LAGENIA NOELS** | * | |
| | * | |
| **Debtor** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>DEBTOR'S MOTION TO RECONSIDER ORDER OF DISMISSAL</u>

Now comes, Tiffany L. Noels, the Debtor, by and through her attorney, Marie Lott Pharaoh, who hereby moves this Honorable Court pursuant to  11 U.S.C.§105(a) to reconsider its Order Dismissing her Chapter 13 case.

1. The above named Debtor filed a Chapter 7 Petition in Bankruptcy with this Court on November 29, 2016, which converted to a Chapter 13 on April 3, 2017.

2. That the Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157 and 11 U.S.C. §105(a). This matter is a core proceeding.

3. This Honorable Court lifted the automatic stay on August 24, 2017.

4. The Debtor filed a Motion for Reconsideration on September 19, 2017, which this Honorable Court denied on October 19, 2017.

5. Debtor's Counsel in the hopes of drafting a confirmable Chapter 13 plan and forestalling a possible foreclosure discovered that the proof of claim was so filled with errors that Counsel was unable to create a Chapter 13 plan.

6. Debtor filed an Objection to the Proof of Claim on October 17, 2017.

7. Counsel brought this to the Court's attention at the confirmation hearing held on December 5, 2017.

8. This Honorable Court denied confirmation of Debtor's Chapter 13 plan without leave to amend.

9. Debtor filed a Motion for Reconsideration on December 19, 2017, which this Court denied on January 8, 2018.

10. Ocwen Loan Servicing LLC filed a Response to Debtor's Objection on January 2, 2018

11. Debtor filed a surreply on January 3, 2018.

12. This Honorable Court set the matter in for a hearing that was scheduled for January 24, 2018.

13. This Honorable Court then summarily dismissed the Debtor's Chapter 13 case for failure to have her Chapter 13 plan confirmed.

14. The Order of Dismissal impermissibly without cause, without justification, closes the door to this Court ruling on an extremely important matter: the faulty proof of claim.

15. Debtor assumes this dismissal must be a mistake on the part of this Honorable Court.

16. This Debtor was not able to create a viable, confirmable Chapter 13 plan because the creditor filed a fraudulent proof of claim.

17. Should not this Honorable Court be open to rule on the proof of claim, as it set a  hearing to resolve this matter?

18. Surely, there must be a mistake.


**WHEREFORE,** Debtor prays that this Honorable Court vacate the Order Dismissing this case and hold the hearing on Debtor's Objection to the Proof of Claim.

.


Date: February 5, 2018                                    Respectfully submitted,


                                                          /s/ Marie Lott Pharaoh
                                                          Marie Lott Pharaoh 11080
                                                          16029 Dorset Road
                                                          Laurel, Maryland 20707
                                                          (240) 606-3494 Phone
                                                          (240) 536-9157 Fax
                                                          mariepharaoh@lawfirmmail.com

2

## CERTIFICATE OF SERVICE

I certify that on February 5, 2018 that a copy of the foregoing Motion will be served via the Court's CM/ECF system to the following:

William M. Savage, Esq.
Kristine D. Brown, Esq.
Diana C. Valle, Esq.
Thomas J. Gartner, Esq.
LAW OFFICES OF SHAPIRO & BROWN, LLP
Counsel for Ocwen/Deutsche Bank National Trust Company,
As Trustee For Novastar Mortgage Funding Trust,
Series 2006-4 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-4

 and

Nancy Spencer Grigsby, Chapter 13 Trustee

/s/Marie Lott Pharaoh
Marie Lott Pharaoh

3

Entered: February 26th, 2018
Signed: February 26th, 2018

**DENIED**

NO CAUSE SHOWN UPON REVIEW OF THE RECORD IN THIS CASE.



WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

In re:     Case No.: **16−25654 − WIL**     Chapter: **13**

**Tiffany LaGenia Noels**
Debtor

## ORDER VACATING ORDER DISMISSING CASE

This matter comes before the Court on the motion of the Debtor to reconsider its Order dismissing this case. The Court having considered the motion, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Order dismissing this case is vacated.

cc:    Debtor
       Attorney for Debtor − Marie Lott Pharaoh
       Case Trustee − Nancy Spencer Grigsby
       All Creditors

**End of Order**

40x08 (rev. 01/14/2013) − mrybczynski